# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Crisis Text Line, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Josephine Parker

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

SEP 3 - 2021

CLERK OF THE SUPERIOR COURT
By AMRIT KHAN, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, California, 94612

CASE NUMBER: *(Número del Caso):*
RG21111811

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam Friedenberg, Eisha Perry, One Walnut Creek Center, 100 Pringle Avenue, Suite 500, Walnut Creek, California, 94596

DATE: SEP 3 2021     Clerk, by Chad Finke AMRIT KHAN, Deputy
*(Fecha)*                        *(Secretario)*                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Crisis Text Line, Inc.

    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
ADAM FRIEDENBERG, Bar No. 205778
EISHA PERRY, Bar No. 330621
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: afriedenberg@glynnfinley.com
eperry@glynnfinley.com

Attorneys for Plaintiff
Josephine Parker

ENDORSED
FILED
ALAMEDA COUNTY

SEP 3 - 2021

CLERK OF THE SUPERIOR COURT
By
AMRIT KHAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOSEPHINE PARKER, | Case No. RG21111811 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| CRISIS TEXT LINE, INC. and DOES 1 through 10, | |
| Defendants. | |

Filed By Fax

COMPLAINT FOR DAMAGES

Plaintiff JOSEPHINE PARKER ("Ms. Parker" or "Plaintiff"), sues Defendant CRISIS TEXT LINE, INC. ("Crisis Text Line") and Does 1 through 10, and alleges as follows.

## INTRODUCTION

1. Josephine Parker was an exemplary employee, credited for her ability to supervise difficult to manage employees. Unfortunately, she stood out from Crisis Text Line's company culture in one aspect–she wasn't young enough. Ms. Parker was forced to endure frequent comments by Crisis Text Line's management about its preference for hiring young, until she was abruptly terminated with little explanation. Since being terminated, Ms. Parker has learned she has been replaced by a younger woman.

## THE PARTIES

2. Plaintiff Josephine Parker is an adult residing in Alameda County, California, and at all relevant times was employed by Defendant Crisis Text Line working remotely from Alameda County.

3. Defendant Crisis Text Line is a New York not-for-profit corporation doing business in California. Per its website, Crisis Text Line "provides free, 24/7 mental health support via text message" nationwide and internationally.

4. Defendants named DOES 1-10, inclusive, are persons, firms or entities who are in some manner responsible for the matters hereinafter set forth and are sued hereinunder the fictitious names Does 1-10. Parker is currently ignorant of the names and capacities of these defendants, and will amend this complaint to set forth such information when it has been ascertained.

## ADMINISTRATIVE EXHAUSTION

5. Ms. Parker has exhausted her administrative remedies with the California Department of Fair Housing and Employment (DFEH), and has received a Notice of Right-to-Sue under the California Fair Employment and Housing Act (FEHA), Government Code section 12920 *et seq.*, attached hereto as Exhibit A.

///

///

## JURISDICTION AND VENUE

6. Defendant Crisis Text Line is an employer as the term is defined in Government Code section 12940 in that it regularly employs at least five people, and is therefore subject to suit under the FEHA.

7. Venue is proper in this Court and the Court has jurisdiction of all claims pursuant to Government Code section 12965 because the unlawful practices alleged herein were committed in Alameda County and Plaintiff would have continued to work in Alameda County had she not been terminated.

## FACTUAL ALLEGATIONS

8. Ms. Parker first began working with Crisis Text Line in May 2016 as a Crisis Counselor Volunteer, during which time she volunteered weekly. Ms. Parker was then hired in January 2018 as a full-time Clinical Supervisor. Her performance was exemplary, and within months Crisis Text Line promoted Ms. Parker to Head of Supervision and increased her salary by approximately 75 percent. Ms. Parker proved to be successful in this position as well, and received consistently positive performance evaluations. In December 2020, she was promoted to Director of Clinical Supervision, with another significant salary increase.

9. Ms. Parker is 51 years old and throughout her employment with Crisis Text Line was subjected to workplace harassment based on her age amounting to a hostile work environment. Crisis Text Line's former CEO, Nancy Lublin, repeatedly made comments about hiring "young and beautiful," but that she would occasionally "have to hire a couple old ones." Other managers made derogatory comments about older employees generally. Bret Shambo, Crisis Text Line's hiring manager often commented that applicants over 40 years old were too old for employment with Crisis Text Line and also often commented on applicants' looks and youth.

10. Despite Crisis Text Line's preference for young employees, Ms. Parker continued to perform successfully in her various roles. But, in March 2021, she was abruptly called into an unplanned meeting with her supervisor, Shinise Muse ("Muse"), who told Ms. Parker that she had been accused of "lateral violence" by unnamed co-workers. Muse refused to provide any

specifics. Instead, she told Ms. Parker that if she denied these vague allegations, she would be terminated on the spot. No further explanation was ever provided to Ms. Parker.

11. On June 21, 2021, Muse again called Ms. Parker into a previously unplanned meeting, this time at 6:30 a.m., well before Ms. Parker's regular start time of 9:00 a.m. At that meeting, Muse told Ms. Parker her employment was terminated effective immediately. Once again, no coherent explanation was provided. Muse exited the meeting, after which Dana Trader, Crisis Text Line's Director of People Operations, told Ms. Parker that her termination had something to do with a meeting that had occurred the previous week, but refused to provide any further explanation.

12. Ms. Parker is informed and believes, and thereon alleges, that Crisis Text Line has hired a woman in her early 30s to replace her.

## FIRST CAUSE OF ACTION

### (Age Discrimination in Violation of Gov. Code § 12940(a))

13. Plaintiff incorporates and repleads by this reference the allegations of paragraphs 1 through 12.

14. Plaintiff was employed by Defendant, which is and at all relevant times was an employer subject to the FEHA. At the time Defendant terminated Plaintiff's employment, Plaintiff was over the age of 40, and Plaintiff's age was a substantial motivating reason for Defendant's decision to terminate her employment.

15. As a direct, proximate, and foreseeable result of Defendant's conduct, Plaintiff was harmed. She has suffered special damages in the form of back pay, front pay, lost benefits, out of pocket expenses, and general damages in the form of emotional distress and anguish, and pain and suffering all in an amount to be determined at trial.

16. Furthermore, Plaintiff is entitled to punitive damages in an amount appropriate to punish Defendant for the wrongful conduct and set an example of others. Defendant acted with oppression, fraud, and malice, as described in Civil Code section 3294. Plaintiff is therefore entitled to punitive for exemplary damages in an amount sufficient to punish Defendant.

///

## SECOND CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

17. Plaintiff incorporates and repleads by this reference the allegations of paragraphs 1 through 16.

18. Government Code sections 12940, *et seq.* embody a fundamental state public policy. These statutes contain specific language which forbid an employer and its employees from discriminating against an employee based on age. Plaintiff's termination was therefore in violation of public policy.

19. As a direct, proximate, and foreseeable result of Defendant's conduct, Plaintiff has suffered special damages in the form of back pay, front pay, lost benefits, out of pocket expenses, and general damages in the form of emotional distress and anguish, and pain and suffering all in an amount to be determined at trial.

20. Furthermore, Plaintiff is entitled to punitive damages in an amount appropriate to punish Defendant for the wrongful conduct. Defendant acted with oppression, fraud, and malice, as described in Civil Code section 3294. Plaintiff is therefore entitled to punitive for exemplary damages in an amount sufficient to punish Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That judgment be entered in favor of Plaintiff;

2. For compensatory damages including without limitation back pay, front pay, lost benefits, and pre- and post-judgment interest at the maximum rate permitted by law;

3. For general damages, including without limitation for pain, suffering, and emotional distress in an amount to be determined at trial;

4. For punitive damages pursuant to Government Code section 12965(b) and Civil Code section 3294;

5. For attorneys' fees and costs of suit to the full extent permitted by law, including without limitation under Government Code section 12965(b);

///

1  6.  For such other and further relief as the Court may deem just and proper.

Dated: September 2, 2021

GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
ADAM FRIEDENBERG
EISHA PERRY

By: _____
Attorneys for Plaintiff Josephine Parker

### DEMAND FOR JURY TRIAL

Plaintiff Josephine Parker hereby demands a jury trial in this matter.

Dated: September 2, 2021

GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
ADAM FRIEDENBERG
EISHA PERRY

By: _____
Attorneys for Plaintiff Josephine Parker

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 16, 2021

Josephine Parker
2204 Lakeshore Ave. Apt. 9
Oakland, California 94606

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202108-14356703
Right to Sue: Parker / Crisis Text Line, Inc.

Dear Josephine Parker:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 16, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency  GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing